In the Matter of PASQUALE P. CAIAZZA, an Attorney, Respondent. SOLOMON A. KLEIN, as Chief Counsel to the Judiciary Inquiry on Professional Conduct, Kings County, Petitioner.

Second Department, April 19, 1971.

298

[black redaction bars]

*Solomon A. Klein* (*Frank A. Finnerty, Jr.,* of counsel), petitioner in person.

*Twohy, Kelleher & Gallagher* (*James F. Twohy* of counsel), for respondent.

*Per Curiam.* The respondent was admitted to practice law on February 10, 1950 in the Second Judicial Department. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the matter was referred for hearing and report; and the respondent, by affidavit of counsel, requests that the report be confirmed and that certain extenuating circumstances be taken into consideration.

In brief, the petitioner charged, *inter alia,* that the respondent, who was retained by one named as the executor of a will to probate the will, was guilty of professional misconduct in that: (1) he deceived the Surrogate of Richmond County by filing two purported depositions of witnesses when he "knew or should have known" that one of the subscribing witnesses had not executed hers, that neither she nor the second witness had, as was stated in the depositions, sworn thereto before the respondent as a notary public and that the statements therein that such witnesses had been first shown the will were "false and untrue"; (2) with intent to deceive, he affixed the name of one of the witnesses to her purported deposition as the affiant "without * * * [her] knowledge or consent" and he "falsely certified" as a notary public that the subscribing witnesses had appeared before him; and (3) in connection with certain conveyances and a mortgage, the respondent, acting as

attorney in the matter, was guilty of fraud in that he failed to disclose that the probate decree was based on false depositions and hence was "subject to avoidance and cancellation".

The following appears from undenied allegations in the petition and from the evidence adduced at the hearing before Mr. Justice WEGMAN: The respondent mailed to one of the two subscribing witnesses to the testamentary instrument a form of deposition for her signature. The witness, a legal stenographer, upon her own initiative visited the Surrogate's Court to examine the decedent's will which, unknown to her, had not as yet been filed. Thereafter, in May, 1967, in addition to the testamentary instrument, the petition for probate and other supporting papers, the respondent filed "depositions" of the two subscribing witnesses purporting to have been sworn before him as notary. A decree of probate was signed by the Surrogate on May 25, 1967. In July, 1967, after a subsequent visit to the court by the same witness, a court clerk discovered that the purported deposition did not bear her true signature. The clerk then took her proper signature after exhibiting the will to her. Thereafter, in August, 1967, the Surrogate, *sua sponte,* signed an order to show cause why the decree should not be set aside by reason of the apparent irregularity in the proceeding. After a hearing, the original probate decree was set aside and the will was readmitted to probate, by a new decree entered on March 18, 1968.

The respondent in his answer to the petition denied any intent to deceive, claiming that the filing of the "affidavit" purportedly signed by one of the witnesses was a "careless and inadvertent act" and that the document was in his file as an intended conformed copy, "the original of which was to be signed by * * * [the witness] before the Clerk." As to the other subscribing witness, he further claimed that the failure to follow the practice which required him to show the subscribing witness the testamentary instrument before she signed the out-of-court deposition was a "careless and non-sensible act".

In his report, Mr. Justice WEGMAN stated that after considering all the evidence before him he was convinced that the respondent's "misconduct in respect of the * * * affidavit [purportedly by the witness who had not signed it] was not at all deliberate or intentional but inadvertent; I can find only that he was shockingly and inexcusably careless, but he did not deliberately or intentionally file as her affidavit the copy he had prepared and conformed in advance for his files of the affidavit

he expected \* \* \* [the witness] to execute ". On the charge concerning the real estate transactions, the reporting Justice found that there was no purpose or intent to mislead and, in fact, no one was damaged thereby. He concluded that there was no "reason or motivation for cutting any corners or for engaging in any improper acts or conduct in the proceedings to probate the will and in either of the two real estate transactions."

In our opinion, the evidence supports these findings. The charges are sustained to the extent indicated in the report.

It is our view that, although the respondent may have acted in good faith, his inexcusable negligence was of such nature as to constitute professional misconduct. In determining the discipline to be imposed, however, we have taken into consideration the facts that there was no intent to deceive, that this is the first time a complaint was lodged against him in connection with his professional activities and he was completely forthright and co-operated fully with the court. Under the circumstances, we deem the appropriate measure of discipline to be a censure. Accordingly, the petitioner's motion to confirm the report should be granted and an order should be made censuring the respondent.

RABIN, P. J., HOPKINS, MUNDER, LATHAM and SHAPIRO, JJ., concur.

Motion granted and respondent is herewith censured for the conduct of which he has been found guilty.