[949 NYS2d 136]

In the Matter of ELIOT F. BLOOM, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 25, 2012

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Quadrino Schwartz, P.C.*, Garden City (*Bruce A. Barket* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing five charges of professional misconduct. After a hearing, the Special Referee sustained all five charges. The Grievance Committee for the Tenth Judicial District (hereinafter Grievance Committee) now moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the Special Referee's report.

The charges are predicated upon a common set of factual allegations, as follows:

On or about August 2, 1999, Angela Bristol (hereinafter Bristol) was charged under docket No. 17423/99 with grand larceny in the third degree, in the District Court, Nassau County. At or about that time, bail was set in the amount of $1,000. On or about August 4, 1999, bail was posted in the amount of $1,000. The respondent was retained to represent Bristol in that matter. On or about April 28, 2000, Bristol failed to appear for a scheduled court date in the District Court, Nassau County, on that matter.

On or about May 15, 2000, Bristol was indicted and charged with two counts of grand larceny in the third degree and one count of attempted grand larceny in the third degree under indictment No. 1088N/00, and the matter was transferred to the County Court, Nassau County. The respondent represented Bristol in connection with the charges under indictment No. 1088N/00.

On or about October 24, 2002, Bristol was charged under docket No. 23308-2002 with bail jumping in the second degree, in the District Court, Nassau County. At or about that time, bail was set in the amount of $5,000. The respondent represented Bristol in that matter.

On or about November 14, 2002, bail was set under indictment No. 1088N/00 in the amount of $7,500. At or about that

time, Winston Bristol posted $7,500 cash bail under indictment No. 1088N/00 and $5,000 cash bail under docket No. 23308-2002.

On or about May 29, 2003, Bristol pleaded guilty to one count of petit larceny under indictment No. 1088N/00, and one count of bail jumping in the third degree under superior court information (hereinafter SCI) No. 1266N/03.

On or about September 11, 2003, Bristol was sentenced under indictment No. 1088N/00 and SCI No. 1266N/03 to a period of incarceration of time served and three years of probation, to be served concurrently. In addition, she was directed to pay restitution in the amount of $7,640 under indictment No. 1088N/00.

The respondent then notarized certain documents in connection with the return of Bristol's bail. A document entitled authorization contained the following pertinent language:

> "I hereby authorize Eliot F. Bloom to endorse my name to the check of the Nassau County Treasurer representing the return of my cash bail in the within matter. I do so as it is my intention to pay these funds to them as my lawyers for professional services rendered.
>
> "Sworn to before me this
>
> "12th day of September, 2003"

The respondent notarized the authorization by signing his name under the date, "12th day of September, 2003," and affixing his notary stamp on the document. The authorization is purportedly signed by Winston Bristol.

A document entitled bail return authorization contains the following language:

> "Ind #1266N/03
>
> "I, Winston Bristol, depositor (Surety) authorize the Treasurer to mail the check made payable to my order based on the annexed Bail Return Order to my attorney, Eliot F. Bloom, located at 114 Old Country Road, Mineola, New York. THIS AUTHORIZATION SHALL BE EFFECTIVE FOR A PERIOD OF THIRTY (30) DAYS FROM THE DATE OF EXECUTION.
>
> "Dated: Mineola, New York
>
> "Sworn to before me this

"12th day of September, 2003"

The respondent notarized the bail return authorization by signing his name under the date, "12th day of September, 2003," and affixing his notary stamp on the document. The bail return authorization is purportedly signed by Winston Bristol.

The respondent filed, or caused to be filed on his behalf, the bail return authorization with the Clerk of the Nassau County Court on or about October 9, 2003.

Winston Bristol was incarcerated continuously, in the custody of the United States Department of Justice, Bureau of Prisons, from on or about June 3, 2003, through on or about December 20, 2007. Winston Bristol did not personally appear before the respondent at any time between on or about June 3, 2003, through on or about December 20, 2007.

The County Treasurer of the County of Nassau (hereinafter County Treasurer) remitted the sum of $7,275 by check No. 134867, dated October 22, 2003, made payable to Winston Bristol. This represented the return of the bail, less administrative fees, in connection with indictment No. 1088N/00.

The County Treasurer remitted the sum of $4,850 by check No. 134868, dated October 22, 2003, made payable to "Winston Bristol c/o Eliot F. Bloom." This represented the return of the bail, less administrative fees, in connection with SCI No. 1266N/03.

The respondent, or another individual acting on his behalf, endorsed check No. 134868 by signing Winston Bristol's name. On or about November 6, 2003, that check was deposited into the respondent's business account maintained at JP Morgan Chase Bank (account No. xxxxxxx1365) entitled "Law Offices of Eliot F. Bloom."

Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by falsely notarizing documents, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice by falsely notarizing documents, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge three alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by submitting, or causing to be submitted on his behalf, a falsely

notarized document to the Nassau County Court, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge four alleges that the respondent engaged in conduct prejudicial to the administration of justice by submitting, or causing to be submitted on his behalf, a falsely notarized document to the Clerk of the Nassau County Court, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge five alleges that the respondent engaged in conduct reflecting adversely on his fitness as a lawyer by falsely notarizing documents and submitting a falsely notarized document, in which he had a financial interest, to the Clerk of the Nassau County Court so as to cause funds to be released to him, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained charges one through five. The Grievance Committee's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the Special Referee's Report is denied.

In determining an appropriate measure of discipline to impose, we note the respondent's prior disciplinary history, which consists of two admonitions and three letters of caution for, inter alia, engaging in conduct prejudicial to the administration of justice, law office failure, failure to fully account for funds on deposit in his attorney trust account, and failure to effectively withdraw from a matter by not taking all steps reasonably practicable to avoid foreseeable prejudice to the client. However, the respondent has recently completed, and earned a certificate for, a course entitled "Business Skills for Attorneys" and has presented numerous letters reflecting on his good works in the community.

Under the totality of the circumstances, including the absence of venality, the respondent is censured for his professional misconduct (*cf. Matter of Caiazza*, 36 AD2d 297 [1971]).

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent, Eliot F. Bloom, is censured for his professional misconduct.