[957 NYS2d 407]

In the Matter of JAMES N. HULME (Admitted as JAMES NORTON HULME), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 9, 2013

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

*McDonough & McDonough*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated April 8, 2011, containing three charges of professional misconduct. Following a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the report of the Special Referee and impose such discipline upon the respondent as the Court deems just and proper. The respondent joins in the Grievance Committee's motion insofar as it moves to confirm the Referee's report relative to the charges, and requests a lenient sanction.

The charges, as amended, emanate from a common set of facts, as follows:

At all relevant times from in or around 1986 through in or around 2007, the respondent and/or his law firm had, as clients, Loreto Carnevale and Josephine Carnevale (hereinafter together the Carnevales) and the Carnevales' wholly-owned business entities, Speonk Materials Corp. (hereinafter Speonk Materials) and J.R.C. Land Co. (hereinafter J.R.C. Land).

At all relevant times, commencing in or around 1978, Josephine Carnevale and/or the Carnevales' entities—Speonk Materials and/or J.R.C. Land—owned premises located on Hazelwood Avenue in Westhampton Beach (hereinafter the Hazelwood Avenue premises), at which they operated a cement manufacturing business.

Alanson N. Rogers and Isabel J. Rogers (hereinafter together the Rogerses) were predecessors in interest to the Carnevales' ownership of the Hazelwood Avenue premises. By deed dated December 28, 1931, the Rogerses conveyed to the Village of Westhampton Beach a portion of the Hazelwood Avenue premises. The portion conveyed to the Village was specified by a metes and bounds description, and consisted of an approximately 23-foot-wide strip of land along the easterly side of the Hazel-

wood Avenue premises (hereinafter the Hazelwood Avenue strip). The December 28, 1931, deed also recited that the Village, as party of the second part, was: "TO HAVE AND TO HOLD the premises herein granted to the party of the second part *and its successors for public highway uses and purposes as long as the same shall be used for highway purposes by the party of the second part or its successors.*" The December 28, 1931, Rogers deed, which conveyed the Hazelwood Avenue strip, was not recorded with the Suffolk County Clerk. It was, however, on file with the Village Clerk.

By deed dated March 3, 1966, and recorded with the Suffolk County Clerk, the Rogerses conveyed the Hazelwood Avenue premises to Anthony Barone. The deed contained a metes and bounds description of the premises that included the Hazelwood Avenue strip, but also recited: "EXCEPTING HOWEVER, that portion of the premises as described conveyed by Alanson N. Rogers and Isabel J. Rogers to the Village of Westhampton Beach by unrecorded deed dated December 28, 1931, and on file in the office of the Clerk of said Village of Westhampton Beach."

By deed dated November 30, 1972, and recorded with the Suffolk County Clerk, Barone conveyed the Hazelwood Avenue premises to Tod-Hampton Ready Mix Corp. (hereinafter Tod-Hampton). This deed contained the same metes and bounds description as the March 3, 1966, deed between the Rogerses and Barone, and also recited: "EXCEPTING, however, that portion of the premises as described conveyed by Alanson N. Rogers and Isabel J. Rogers to the Village of Westhampton Beach by unrecorded deed dated December 28, 1931 and on file in the Office of the Clerk of said Village of Westhampton Beach."

By deed dated January 30, 1978, and recorded with the Suffolk County Clerk, Tod-Hampton conveyed the Hazelwood Avenue premises to Speonk Materials. This deed contained a metes and bounds description of the premises, which excluded the Hazelwood Avenue strip and also recited: "Being and intended to be the same premises conveyed to the party of the first part herein [Tod-Hampton], who acquired title by deed dated 11/30/72, recorded 12/7/72, in Liber 7299 cp 298 and 299" (the November 30, 1972, deed between Barone and Tod-Hampton described above). Speonk Materials was wholly owned by the Carnevales. In this deed transfer, the Carnevales were represented by the respondent's law firm prior to his joining the firm.

In or around 1986, the respondent's law firm filed, on behalf of the Carnevales and/or their corporate entity, Speonk Materi-

als, a petition requesting that the Village of Westhampton Beach abandon its title to the Hazelwood Avenue strip. The petition was signed and verified by the Carnevales. The petition stated, among other things, that the Village had acquired title to the Hazelwood Avenue strip through the December 28, 1931, Rogers deed, described above, and attached a copy of the deed as an exhibit. The petition requested that the Village abandon its title to the Hazelwood Avenue strip and cede it to the Carnevales and/or Speonk Materials. While the foregoing petition was prepared and filed by the respondent's law firm prior to his joining the firm, upon his admission to the Bar and becoming a member of the firm, the respondent became aware of, and participated in handling, the petition while it was pending with the Village. On behalf of his clients, the Carnevales and Speonk Materials, the respondent withdrew the petition in or around the later part of 1986 or the early part of 1987.

From in or around November 1986 through January 1990, the respondent, on behalf of the Carnevales and Speonk Materials, engaged in correspondence and meetings with officials of the Village concerning the status and maintenance of the Hazelwood Avenue strip. During this time, the respondent repeatedly acknowledged, in writing, that the Village refused to convey title to the Hazelwood Avenue strip.

By deed dated June 7, 1991, and recorded with the Suffolk County Clerk, Speonk Materials conveyed the Hazelwood Avenue premises to Josephine Carnevale. This deed contained a metes and bounds description of the premises identical to the description contained in the January 30, 1978, deed between Tod-Hampton and Speonk Materials, which excluded the Hazelwood Avenue strip and recited: "Being and intended to be the same premises conveyed to the party of the first part [Speonk Materials], who acquired title by deed dated 1/30/78, recorded 2/24/78, in Liber 8393 Page 133" (the January 30, 1978, deed between Tod-Hampton and Speonk Materials, described above). The June 7, 1991, deed between Speonk Materials and Josephine Carnevale was prepared and recorded at that time by the respondent's law partner.

The respondent prepared and recorded with the Suffolk County Clerk a "correction deed" dated October 28, 1997, between Tod-Hampton and Speonk Materials. The deed contained a metes and bounds description of the Hazelwood Avenue premises that included the Hazelwood Avenue strip and recited: "THIS BEING THE CORRECTION DEED TO CORRECT THE

DESCRIPTION CONTAINED IN DEED RECORDED IN LIBER 8393 PAGE 133 dated 1/30/78 and recorded 2/24/78'' (the January 30, 1978, deed between Tod-Hampton and Speonk Materials, described above).

The respondent also prepared and recorded with the Suffolk County Clerk a "correction deed" dated October 31, 1997, between Speonk Materials and Josephine Carnevale. This deed contained a metes and bounds description of the Hazelwood Avenue premises that included the Hazelwood Avenue strip and recited: "THIS BEING A CORRECTION DEED TO CORRECT THE DESCRIPTION CONTAINED IN DEED RECORDED IN LIBER 11298 PAGE 244 DATED 6/7/91 AND RECORDED 7/12/91" (the June 7, 1991, deed between Speonk Materials and Josephine Carnevale, described above). The October 31, 1997, "correction deed" between Speonk Materials and Josephine Carnevale omitted part of the metes and bounds description of the Hazelwood Avenue premises, in that it failed to completely describe the premises.

Another attorney prepared and recorded with the Suffolk County Clerk a "correction deed" dated June 26, 1998, between Speonk Materials and Josephine Carnevale, containing a metes and bounds description of the premises, including the Hazelwood Avenue strip; restoring the missing language in the October 31, 1997, "correction deed"; and reciting:

> "THIS IS A CORRECTION DEED INTENDED TO CORRECT THE ERRORS IN THE DESCRIPTIONS CONTAINED IN THE DEEDS BETWEEN THE PARTIES RECORDED IN LIBER 11298, PAGE 244 [the June 7, 1991, deed between Speonk Materials and Josephine Carnevale, described above] and LIBER 11864, PAGE 67 [the 'correction deed' dated October 28, 1997, between Tod-Hampton and Speonk Materials, described above]."

The respondent prepared and recorded with the Suffolk County Clerk a deed dated August 1, 2003, between Josephine Carnevale and J.R.C. Land, conveying the Hazelwood Avenue premises with a metes and bounds description of the premises, including the Hazelwood Avenue strip. Josephine Carnevale was the sole owner of J.R.C. Land.

On or about November 1, 2002, Josephine Carnevale, represented by the respondent, entered into two agreements with an entity known as East End Concrete & Stone Products, Inc., doing business as East End Ready Mix (hereinafter East End).

The first agreement was a five-year lease under which, among other things, East End became a tenant in possession of the Hazelwood Avenue premises to operate the cement plant and make specified yearly rental payments. The second agreement granted the tenant, East End, the option to purchase the Hazelwood Avenue premises for a specified price and upon the satisfaction of other conditions.

Disputes thereafter arose between East End and Josephine Carnevale. East End commenced an action in the Supreme Court, Suffolk County, entitled *East End Concrete & Stone Products, Inc., doing business as East End Ready Mix v Josephine Carnevale et al.*, index No. 3231-2007 (hereinafter the *East End* action). In the action, East End alleged, among other things, that Josephine Carnevale and/or her corporate entities inaccurately described the Hazelwood Avenue premises to include the Hazelwood Avenue strip. In the course of the litigation, the Supreme Court, Suffolk County (Tanenbaum, J.), issued an order dated November 27, 2007, directing a hearing on a motion for a *"Yellowstone* injunction." The order recited that one of the issues to be determined at the hearing was title to the Hazelwood Avenue strip. During that hearing, the respondent was relieved as counsel for Josephine Carnevale and her corporate entities. This followed the testimony of two experts that the "correction deeds" prepared and recorded by the respondent did not legally convey title to the Hazelwood Avenue strip.

By judgment dated September 17, 2008, and filed November 26, 2008, the October 1997 "correction deeds" between Tod-Hampton and Speonk Materials, and Speonk Materials and Josephine Carnevale, respectively, as well as the June 26, 1998, "correction deed" between Speonk Materials and Josephine Carnevale, were "voided" and "cancelled."

In a decision and order dated April 27, 2009, Justice Tanenbaum made findings of fact and conclusions of law relating to the hearing on the *"Yellowstone* injunction" in the *East End* action. Among other things, Justice Tanenbaum determined that

> "[t]he court is . . . required to note that the credible evidence established during the hearing revealed that the defendant JOSEPHINE CARNEVALE, together with her then attorney, James N. Hulme, Esquire, took part in the filing in the Suffolk County Clerk's Office [of] deeds misrepresenting the description of the premises by enlarg-

ing the area of [the] defendant's property to include
a 23-foot wide strip of Hazelwood Avenue owned by
the Village of Westhampton Beach."

Charge one alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge three alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained charges one through three. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we note the respondent's mitigation, to wit, that the conduct at issue took place in 1997, some 15 years ago, and that the subject conduct was an isolated incident, which occurred due to a mistake as to the applicable law. The respondent readily admits that, at that time, he was "mistaken." Moreover, the respondent avers that Justice Tanenbaum's decision in the *East End* action does not reach the question of whether he acted deliberately. Rather, the decision only finds that the correction deeds, which the respondent admittedly filed, "[misrepresented] the description of the premises." Finally, the respondent asserts that this is the only blemish on his 26-year legal career; that he has admitted his errors and accepted responsibility; that he has expressed remorse; that his testimony was open, candid and sincere; that he provided impressive and substantial support for his good character; and that it is extremely unlikely that the subject conduct would be repeated.

Under the totality of circumstances, including the absence of actual harm as a result of the correction deeds having been "voided" and "cancelled" without any unlawful transfer of the subject property, the respondent is censured for his professional misconduct (*cf. Matter of Caiazza*, 36 AD2d 297 [1971]).

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, James N. Hulme, admitted as James Norton Hulme, is censured for his professional misconduct.